HOLLAND & KNIGHT LLP
Stacey H. Wang (SBN 245195)
Ashley Shively (SBN 264912)
Wendy Qiu (SBN 324291)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: stacey.wang@hklaw.com
E-mail: ashley.shively@hklaw.com
E-mail: wendy.qiu@hklaw.com

Attorneys for Defendant
ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MATTHEW SORENSEN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, an Illinois company; DOES 1 through 25, inclusive., <br><br> Defendants. | Case No.: 2:24-cv-10537 <br><br> **NOTICE OF REMOVAL** <br><br> [State Complaint Case No. CV-24-001734] <br><br> [28 U.S. §§ 1332, 1441, 1446, and 1453] |

///
///
///
///
///
///
///
///

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Abbott Laboratories ("Abbott"), hereby removes the state court civil action known as *Matthew Sorensen v. Abbott Laboratories,* Case No. 24STCV28779, from the Superior Court of the State of California, in and for County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. Removal is warranted based on the following:

I.    **BACKGROUND**

1.    On October 31, 2024, Plaintiff Matthew Sorensen ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California, in and for the County of Los Angeles (the "State Court Action"). The Complaint alleges a cause of action for violations of the California Invasion of Privacy Act [Cal. Penal Code § 631(a)]. The Complaint alleges that Abbott, through its website, purportedly intercepted and transmitted users' search queries to third-party data companies without the users' consent, caused the unauthorized disclosure of private information, violated the right to privacy, and caused potential exposure to targeted advertising or other unwanted consequences.

2.    On November 4, 2024, the State Court issued a Minute Order and an Initial Status Conference Order. The State Court deemed the State Court Action to be Complex according to Rule 3.400 of the California Rules of Court. The State Court stayed the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. An Initial Status Conference is set for 01/17/2025 at 11:00 AM. Per the Minute Order, responsive pleadings shall not be filed

until further Order of the State Court. Parties are to file a Notice of Appearance in lieu of an Answer or other responsive pleading.

3. No other pleadings or substantive filings (i.e., answers, state court orders terminating or dismissing parties, responses, etc.) have been filed in the State Court Action.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS JURISDICTION OVER THE ACTION

4. This action is subject to removal pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant (minimal diversity); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interest and costs. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

### A. The Complaint is Pled as a Putative Class Action With Over 100 Proposed Members.

5. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

6. This action is brought by a putative representative person on behalf of a proposed class of more than a thousand individuals. Complaint ¶ 34 ("The Class is so numerous that joinder of all members is impracticable… there are thousands of members in the proposed Class."). Thus, this matter is a "purported class action" as

that term is defined pursuant to CAFA, and the number of putative class members exceeds the statutorily required minimum of 100 individuals.

### B. There is Minimal Diversity of Citizenship.

7. To satisfy CAFA's diversity requirement, the party seeking removal need only show that minimal diversity exists—that there is at least one putative class member who is a citizen of a state different from that of a defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Here, Plaintiff is a citizen of California. Complaint ¶ 8 ("Plaintiff is a citizen of California residing within Los Angeles County."). Abbott is headquartered in Abbott Park, Illinois. *See* Complaint ¶ 9 (alleging Defendant Abbott Laboratories is an Illinois company with its main office at 100 Abbott Park Road, Abbott Park, IL 60064"). *See also* 28 U.S.C. § 1332(d)(10). Thus, minimal diversity exists: Abbott is diverse from Plaintiff.

#### 1. Plaintiff and the Putative Class's Citizenship

8. An "individual is a citizen of the state in which [s]he is domiciled . . ." *Pellegrini v. Fresno Superior Court*, No. 1:15–cv–01564–LJO–EPG, 2015 WL 6167523, at *3 (E.D. Cal. Oct. 20, 2015 (*quoting Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Plaintiff alleges he is a resident of California. Complaint ¶ 8. There is no indication that Plaintiff has been a citizen of some other state or intends to reside elsewhere. Plaintiff, therefore, is domiciled in California. *See Gilbert v. David*, 235 U.S. 561, 569 (1915) (holding that a person is a citizen of the

state in which they have their domicile—a permanent home where they intend to remain or intend to return); *see also Kanter*, 265 F.3d 853, 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Plaintiff seeks a class action based on "all persons within California." Complaint ¶ 33. Thus, Plaintiff, and the putative class he seeks to represent, are California citizens.

### 2. Defendant Abbott's Citizenship

9. For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. *See* 28 U.S.C. § 1332(d)(10); *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) ("a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business."). A statement in a complaint is a judicial admission. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."). Thus, Plaintiff is bound by the allegations made in his Complaint that assert Abbott's citizenship is in Illinois. Complaint ¶ 9. At all times relevant to this lawsuit, therefore, Abbott has had its headquarters and principal place of business in Illinois.

10. In addition, Abbott's corporate activities are and, at all times relevant, have been directed, controlled, and coordinated from its principal place of business in Illinois. *See generally, Hertz v. Friend*, 559 U.S. 77, 92-93 (2010) (the "principal place of business" for the purposes of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, i.e., the 'nerve center,' and not simply an

office where the corporation holds its board meetings"); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) ("[T]he Court finds that for purpose of CAFA, Defendant is 'a citizen of the state where it has its principal place of business and the State under whose laws it is organized.'").

11. Because Abbott has its principal places of business in Illinois, it is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D. Cal. Feb. 27, 2008) ("For purposes of diversity jurisdiction, a corporation is a citizen in the state of its incorporation, as well as in the state of its principal place of business"). Abbott therefore is diverse from Plaintiff.

### C. Defendant Abbott is Not a Governmental Entity

12. Abbott is not a State, State official, or other governmental entity.

### D. The Amount in Controversy Exceeds the CAFA Threshold

13. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required only when the plaintiff contests or the court questions a defendant's assertion. *Id.*

14. Abbott denies the validity and merit of Plaintiff's alleged claims and disputes that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. But for purposes of setting the grounds for this Court's subject matter jurisdiction – and without conceding that Plaintiff or the putative class are entitled to any damages or any relief whatsoever – it is apparent from the Complaint that Plaintiff seeks sufficient damages on behalf of himself and the class to satisfy CAFA.

15. CIPA provides statutory damages of up to $5,000 per violation. Cal. Penal Code § 638.51(c). Plaintiff alleges that the putative class consists of "thousands of

members in the proposed Class." Complaint ¶ 34. Among other things, Plaintiff seeks "[s]tatutory damages of $5,000 for Plaintiff and each Class Member for each violation of CIPA." (Compl, ¶ 45, Prayer ¶ 3.)

16. With a conservative estimate of 1,001 individuals in Plaintiff's putative class, the amount in controversy would already exceed CAFA's requirement based just on statutory damages alone (calculated as: 1,001 putative class members x $5,000 per alleged violation = $5,005,000), and independent of any other damages asserted.

17. Plaintiff also requests injunctive relief and punitive damages. (Compl, ¶¶ 35, 44-45, Prayer ¶¶ 2, 5.)

18. The cost of compliance by a defendant with an injunction counts towards CAFA's amount in controversy requirement. *See Int'l Padi, Inc. v. Diverlink*, No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("in determining the amount in controversy, we may also include the value of the requested injunctive relief to either party.") (*citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Accepting as true, for purposes of this Notice of Removal only, that Plaintiff and the putative class are entitled to injunctive relief, the cost of complying with the requested injunctive relief, including a change in Abbott's alleged business practices, thus also adds to the amount in controversy.

19. The potential award of punitive damages can be considered in determining whether the minimum amount in controversy under CAFA is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Accepting as true, for purposes of this Notice of Removal only, that Plaintiff and the putative class are entitled to punitive damages, said punitive damages would elevate the amount in controversy even further above the threshold CAFA jurisdictional requirement.

20. Accordingly, without conceding any merit to the Complaint's damages allegations or causes of action, the amount in controversy requirement under CAFA is satisfied.

### III. NON-WAIVER OF DEFENSES

21. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Abbott's right to assert any defenses or affirmative matters, including, without limitation, a motion to dismiss for dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV. ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET

22. Plaintiff served Abbott on November 6, 2024. Therefore, this Notice of Removal is timely in that it was filed within thirty (30) days of the service of the Complaint and less than a year after the commencement of the State Court Action. See 28 U.S.C. § 1446(b).

23. This Notice is filed in the proper division because the Court embraces the Superior Court of the State of California, in and for the County of Los Angeles, where Plaintiff's action is pending. See 28 U.S.C. §§ 1441 and 1446(a).

24. In compliance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Abbott is attached hereto as **Exhibit 1.**

25. No previous request has been made for the relief requested herein. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

### V. CONCLUSION

**WHEREFORE**, Abbott, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of the State of California for the County of Los Angeles, be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: December 6, 2024          HOLLAND & KNIGHT LLP

/s/ *Stacey H. Wang*
Stacey H. Wang
Attorneys for Defendant
ABBOTT LABORATORIES

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

On **December 6, 2024** the foregoing document described as **NOTICE OF REMOVAL** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

[ XX ]   **(BY MAIL)**  Following ordinary business practices, I placed the document for collection and mailing at the offices of HOLLAND & KNIGHT LLP, 400 South Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

[ XX ]   **(BY E-MAIL VIA PDF FILE)**  By transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document to the email addresses of the persons on the service list. The transmission was reported as complete and without error.

[ X ]   **(FEDERAL)**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **December 6, 2024, Los** Angeles, California.

_____
Rosanna Perez

- 1 -
PROOF OF SERVICE

## SERVICE LIST

| ATTORNEY(S): | PARTY REPRESENTED: |
|---|---|
| Robert Tauler<br>Wendy Miele<br>TAULER SMITH LLP<br>626 Wilshire Boulevard, Suite 550<br>Los Angeles, California 90017<br>Tel: (213) 927-9270<br>rtauler@taulersmith.com<br>wmiele@taulersmith.com | *Attorneys for Plaintiffs*<br>*MATTHEW SORENSEN* |